UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CASE No.: 4:11CR210-2 |
| ) | |
| Plaintiff,   ) | JUDGE SOLOMON OLIVER |
| ) | Magistrate Judge George J. Limbert |
| v.   ) | |
| ) | |
| ERIN LAVIN, aka ERIN   ) | **REPORT AND RECOMMENDATION** |
| KRACKENBERG   ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Defendant.   ) | |

Pursuant to General Order 99-49, this case was referred to United States Magistrate Judge George J. Limbert for the purposes of receiving, on consent of the parties, Defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered.  The following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by Defendant.

1. On August 23, 2011, Defendant Erin Lavin, aka Erin Krackenberg, accompanied by Attorney James S. Gentile, executed a consent to referral of her case to a United States Magistrate Judge for the purpose of receiving her guilty plea.

2. Defendant Lavin then proffered a plea of guilty to structuring the exportation of monetary instruments charged in Count One of the Indictment.

3. Prior to such proffer, Defendant Lavin was examined as to her competency, advised of the charges and consequences of conviction, informed that the Court is not bound to apply the Federal Sentencing Guidelines but must consult the guidelines and take them into consideration when it imposes the sentence and of the possibility of a departure from the Guidelines, notified of her rights, advised that she was waiving all of her rights except the right to counsel, and, if such were the case, her right to appeal, and otherwise provided with the information prescribed in Fed. Crim. R. 11.

4. Counsel informed the Court that there was a written, signed plea agreement between the parties. The undersigned was also advised that no commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

5. The undersigned questioned Defendant Lavin under oath about the knowing, intelligent and voluntary nature of the plea of guilty, and the undersigned believes that Defendant Lavin's plea was offered knowingly, intelligently, and voluntarily.

6. The parties provided the undersigned with sufficient information about the charged offense and Defendant Lavin's conduct to establish a factual basis for the plea.

In light of the foregoing, and the record submitted herewith, the undersigned concludes that Defendant Lavin's plea was knowing, intelligent, and voluntary and all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.

Accordingly, the undersigned recommends that the plea of guilty be accepted and a finding of guilty be entered by the Court as to structuring the exportation of monetary instruments charged in Count One of the Indictment.

Date: August 23, 2011  /s/George J. Limbert
George J. Limbert
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id*.